Filed 6/17/13  P. v. Townsend CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071855 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F04974) |
| v. | |
| REBIO TOWNSEND, | |
| Defendant and Appellant. | |

In 2008, defendant pled no contest to possession of a destructive device (a Molotov cocktail) and admitted previously being convicted of a strike offense and serving a term in prison.  Consistent with his plea, defendant was sentenced to an aggregate term of two years and eight months in state prison.

Defendant's custody was later transferred from the Department of Corrections and Rehabilitation to the Department of Mental Health and in June 2011, the People petitioned to extend defendant's commitment as a mentally disordered offender pursuant to Penal Code section 2970.  Those proceedings were continued until June 2012 when the People filed a second petition to extend defendant's commitment for an additional year.

1

In support of the People's second petition, they submitted the affidavit of Jeanne Garcia, M.D., medical director at Atascadero State Hospital. In Dr. Garcia's opinion, defendant "qualifies for continued treatment . . . in that his severe mental disorder is not in remission and cannot be kept in remission." Attached to Dr. Garcia's affidavit is a forensic report dated March 16, 2012, prepared by Brandi Mathews, Ph.D.

To prepare her report, Dr. Mathews reviewed defendant's medical records and numerous legal documents. Dr. Mathews also consulted with defendant's treating psychologist. She intended to interview defendant but "treatment staff indicated [defendant was exhibiting] recent increased levels of agitation . . . ." Thus, Dr. Mathews did not interview defendant.

As noted by Dr. Mathews, defendant was previously diagnosed with schizoaffective disorder, bipolar type. Based on her review of defendant's historical information and current "presentation" at Atascadero, Dr. Mathews agreed with that diagnosis.

In support of her opinion, Dr. Mathews cataloged defendant's "well-documented" history of psychiatric treatment dating back to defendant's first psychotic break in 1978. She described defendant's history of "both psychotic and mood symptoms," which include, among other symptoms: auditory hallucinations, grandiosity, decreased need for sleep, and paranoia. According to defendant's medical records, the symptoms of his "severe mental disorder are not controlled by medication and/or psychosocial support."

By reviewing defendant's recent progress notes at Atascadero, Dr. Mathews learned that defendant continued to exhibit "significant mood symptoms." She noted defendant continued to demonstrate paranoia and "mood lability." Other progress notes reported defendant exhibiting "increased agitation" and irritability. Defendant was further described in the progress notes as "[using] loud speech, pacing the unit, and being intrusive with others." Based on her review of defendant's records, and the reporting of defendant's "overt symptoms," Dr. Mathews concluded that defendant's "severe mental

2

disorder" was not in remission, and as a result of defendant's severe mental disorder, he represented a "substantial danger of physical harm to others."

To support her conclusions, Dr. Mathews outlined defendant's history of violent and aggressive behavior. Dr. Mathews also described three more recent incidents where defendant's aggression and agitation required him to be placed in restraints and/or sequestered.

Dr. Mathews also indicated that defendant "has limited insight into his severe mental disorder and the importance of medications." Defendant repeatedly refused his medications so was twice placed on an involuntary medication order, and his attendance at his treatment group meetings was "inconsistent." Defendant even told his treating psychiatrist that he would not take his medications " 'on the outside,' " because defendant believed " 'there [was] nothing wrong with [him].' "

In addition to his continued mood symptoms and violent conduct, Dr. Mathews noted defendant's extensive history with drug and alcohol abuse, as well as his lengthy criminal history (including five felony convictions). In Dr. Mathews's opinion, defendant met the criteria for extending his commitment.

On August 10, 2012, a hearing was held on the People's petition. The People submitted the matter based on the documents filed with the court. Defendant was invited to speak on his own behalf but refused. Based on the petition filed by the People, the recommendation of Dr. Garcia, and Dr. Mathews's March 16, 2012 report, the court ordered defendant's commitment extended for one year, to November 8, 2013. Defendant appealed.

DISCUSSION

Counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by

3

counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. We received two supplemental briefs from defendant.

Defendant's first supplemental brief was filed on March 26, 2013, and included a request to relieve appointed counsel. On April 8, 2013, this court denied defendant's request to relieve appointed counsel.

Defendant raised several issues in his supplemental brief regarding the process by which his commitment was extended. In addition to defendant's over-arching concern that people are telling lies about him, he contends it was error for the court to rely on Dr. Mathews's report because Dr. Mathews never met defendant.

First, there is no evidence in the record that anything included in the record is untrue, including the information contained within Dr. Mathews's report. Second, as an expert, Dr. Mathews is permitted to form her opinion regarding defendant's mental state based on information "made known to h[er] at or before the hearing, whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which h[er] testimony relates . . . ." (Evid. Code, § 801, subd. (b).) Thus, Dr. Mathews was under no obligation to interview defendant. Moreover, she formed her opinion regarding defendant's mental status after reviewing treatment notes and medical records prepared by defendant's treatment providers, as well as reports about defendant's mental health prepared by other experts. Such reliance was entirely permissible. (*Ibid.*)

Defendant also contends he was "unlawfully arrested." It is not entirely clear from defendant's supplemental brief to which arrest he is referring; however, defendant's most recent conviction was in 2008. Thus, the time to raise issues regarding any arrest that lead to any of his convictions has long since passed. (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days of judgment being entered].)

Defendant filed a second supplemental brief in this court on May 8, 2013. The brief, which is four pages long and handwritten, is primarily a description of defendant's

life.  At the end of his brief, however, defendant again asks this court to relieve appointed counsel.  Defendant's request is denied.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      ROBIE     , J.


We concur:


     RAYE     , P. J.


     HOCH     , J.